JOSEPH NOBLE *vs.* CHARLES MILLIKEN.

Kennebec. Opinion December 20, 1882.

*Husband and wife. Innkeeper. Personal baggage. Money. Stat. 1874, chapter 174.*

A trunk containing property belonging, some of it to the husband and some of it to the wife, was broken open after it had been delivered to the servants of an innkeeper, and jewelry belonging to the wife, and gloves of the value of six dollars and forty dollars in money belonging to the husband, were stolen. In traveling, the husband looked after the baggage, receiving and holding the checks therefor. *Held,* —

1. That an action could not be maintained against the innkeeper by the husband alone for the value of the jewelry belonging to the wife.

2. That an action could be maintained by the husband against the innkeeper for the value of the gloves and the money.

VOL. LXXIV.     15

Where the amount of money taken for a journey is no more than is reasonably prudent for the payment of expenses, including liabilities to accident, delays and sickness, it is exempted from the provisions of stat. 1874, c. 174, and may properly be carried as baggage, for the loss of which an innholder would be liable after delivery to him.

On REPORT from the superior court.

An action to recover one hundred sixty-three dollars, for the value of jewelry belonging to plaintiff's wife, and six dollars for the value of gloves belonging to plaintiff and forty dollars in money belonging to the plaintiff, lost by them under the circumstances stated in the opinion.

The money consisted of four English sovereigns (gold), of the value of twenty dollars; one American half eagle (gold), of the value of five dollars; one Napoleon (twenty francs, gold), of the value of four dollars; one silver dollar and one ten dollar bill.

Other material facts are stated in the opinion.

By the terms of the report, the law court were to draw inferences as a jury might, and render such decision in the case as the law and the evidence required.

*S. and L. Titcomb,* for the plaintiff.

The trunk and contents were in the possession, and under the sole control of the plaintiff, and for all purposes of this suit he was the legal owner thereof, when he delivered the evidence of his ownership, to wit, the check, and property represented thereby, to the defendant's servant.

Counsel cited: 2 Kent's Com. 593; Story, Bail. § § 479, 471, 480, 499 and note; *Norcross* v. *Norcross,* 53 Maine, 170; *Mason* v. *Thompson,* 9 Pick. 284; 2 Hilliard, Torts, 529, 533; *Hulett et al.* v. *Swift,* 33 N. Y. 571; *Hotchkiss* v. *Platt,* 15 N. Y. Supreme Court, 46; *Berkshire Woollen Co.* v. *Proctor, et al.* 7 Cush. 426; Parsons, Laws of Business, 290; *Taylor* v. *Monnot,* 4 Duer, 116; 2 Redfield, Railways, 153; *Johnson* v. *Stone,* 11 Humph. 419; *Kent* v. *Shuckard,* 2 B. and Ad. 803; *Doyle* v. *Kiser,* 6 Porter, (Ind.) 242; Newberry's Admiralt. 494; *Pope* v. *Hall,* 14 La. Ann. R. 324; *Jones* v. *Voorhees,* 10 Ohio, 145; Webster's Dic. "Baggage"; *Collins* v. *B. and M. R. R.* 10 Cush. 507; *Jordan* v. *Fall River R. R.* 5 Cush.

69; *Maltley* v. *Chapman*, 25 Md. 310; *Stanton* v. *Leland*, 4
E. D. Smith's (N. Y.), 88; *Johnson* v. *Richardson*, 17 Ill. 302;
*Rosenplaenter* v. *Roessle*, 54 N. Y. 262; *Ramaley* v. *Leland*,
43 N. Y. 539; *Roessle* v. *Earle*, 44 N. Y. 172; 7 American
Decisions, 454; *Sasseen* v. *Clark*, 37 Ga. 242.

*G. C. Vose*, for the defendant.

That the defendant was an innholder, the plaintiff a guest, and
the trunk lost and subsequently found, is not controverted.

Chapter 174, of the public laws of 1874, radically changes the
common law rule, and provides as follows :

"Innholders shall not be liable for losses sustained by their
guests, except wearing apparel, articles worn or carried upon the
person, to a reasonable amount, personal baggage, and money
necessary for traveling expenses and personal use, unless upon
delivery, or offer of delivery, by such guests, of their money,
jewelry or other property, to the innholder, his agents, or ser-
vants, for safe custody."

The burden is in all cases on the plaintiff to make out his case ;
especially is this so in a case like that under discussion (when so
far as value of property is concerned) the innholder seems to be
left entirely to the mercy of his guest. Any claim of loss may
be made, and from the very nature of the case, the defendant
can by no possibility know whether the articles claimed to be
lost, were or not in the guest's trunk.

These coins are mostly foreign, and as appears from the testi-
mony of the plaintiff, had been in his possession some four years ;
that "they were kept, thinking I might use them, and if I went
back to Europe I might use them there." "I got them in Lon-
don and during this time have kept them in my wife's trunk."

The proposition that a landlord is responsible for the loss of
property, which for safe keeping is deposited in a trunk and
carried about the country, is too absurd to require refutation.

As to the loss of property belonging to the wife, counsel cited
*Green* v. *North Yarmouth*, 58 Maine, 55.

We claim therefore, that no wearing apparel is proved to have
been lost; that the coins not having been delivered to the defend-

ant, were held at the risk of the owner, and that all other prop-
erty claimed as lost, was the property of Mrs. Noble, and that
no action can be maintained therefor by this plaintiff.

DANFORTH, J.   On the tenth day of September, 1880, the
defendant was an innkeeper in the city of Augusta.   At that
time the plaintiff with his wife and children were received as
guests at the defendant's house.   After their arrival, but before
their baggage was carried into the house, one trunk was taken
from the sidewalk, and when found a portion of its contents
were missing, and have never been recovered.   This action was
brought to recover their value.

No objection is made to the maintenance of the action on the
ground that the baggage had not been sufficiently delivered to
the defendant or his servants.   The articles lost consisted mainly
of gloves, jewelry, and money.   The jewelry is conceded to have
been the property of the wife.   The parties at that time resided
in this State.   In *Green* v. *North Yarmouth*, 58 Maine, 54, it
was held that the husband could not alone maintain an action for
an injury to his wife's personal property, though at the time he
may have the exclusive possession and full control of it.   There
is less ground upon which to support this action for the jewelry,
for the husband had neither possession nor control of it.   What
he did in relation to it was but an act of courtesy, while in
reality the property was in the wife's custody, for her use, and
subject to her direction.   There are cases where persons are
entrusted with property by the owner for a special purpose, as
to perform some service upon or in relation to it, as in the case
of common carriers, so as to give them a special ownership in it.
In such cases, undoubtedly, the bailee may maintain an action
for an injury to, or for the loss of it.   But in this case, the hus-
band had neither general nor special property in the jewelry, nor
any interest in it such as would enable him to support an action
for it.

The coin and gloves claimed, did belong to the plaintiff.   It
is, however, contended that the gloves were not lost.   Both the
plaintiff and his wife testify that they were.   The only evidence

in conflict with this, is the statement of the same witnesses made on examining the contents of the trunk after its return, that no clothing was missing. This statement was not such as would estop them from asserting the truth, if, on refreshing their recollection and upon further examination they found they were in error, and under the circumstances of the case, the latter positive statement is entitled to greater weight than the former negative one. Hence the preponderance of evidence is clearly in favor of the loss.

It is further claimed, that the coin was not "personal baggage, or money necessary for traveling expenses and personal use," and should have been especially delivered to the innholder or his servants as required by c. 174, of the acts of 1874, otherwise no liability would attach.

There appears to be nothing peculiar about this coin which would render it especially valuable for keeping, for purposes other than money. The testimony of the plaintiff "that it was kept thinking I might use it, and if I went back to Europe, I might use it there," leads inevitably to the conclusion that it was to be used as money, and taken upon this journey, to be used as a last resource in case of need, for the payment of expenses when other resources should fail.

The ten dollar bill is claimed to have belonged to the wife. True, it was given to her by the husband, not absolutely, but for her use and that of the children, or "to be given back as occasion might require." It was therefore given in trust to pay bills for which the husband would be liable, and if lost, the loss would be his rather than that of the wife or children.

The statute referred to, does in certain cases, relieve innholders from their common law liability, unless the property is specially delivered to the innkeeper or his servants. But from its operation, among other things, "personal baggage, and money necessary for traveling expenses and personal use" are excepted. Such necessary amount of money is classed as personal baggage and may be carried as such baggage. *Dunlap* v. *Steamboat Company*, 98 Mass. 371. For such money, the liability of the innholder is the same as before the statute. The word "neces-

·sary" in this connection, is not to be construed in its restricted meaning, but rather as indicating an amount of money, which a man of common prudence would deem it proper to take for such ·a journey, including the ordinary expenses, as well as the liabilities on account of sickness, accidents and necessary delays. *Merrill* v. *Grinnell*, 30 N. Y. 594.

That the amount of money taken in this case, was no more than reasonable prudence would dictate is sufficiently shown by the fact ·that in consequence of the loss, the plaintiff found it necessary to borrow before reaching his journey's end. .

The result is, the plaintiff is entitled to recover for the gloves and money, the sum of forty-six dollars, to which should be add-·ed a sum equal to the interest on that amount from the tenth day ·of September, 1880, to the time when judgment is rendered.

> *Judgment for the plaintiff, for the sum of forty-six dollars, and interest from September 10, 1880, till judgment.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and PETERS, JJ., concurred.